UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § § § § § | Case No. 06-43855-659 |
| Melissa Jean Mercille, | | Chapter 7 |
| Debtor. | | |
| _____ | § | |
| McKinley Wilder, | § § § | |
| Plaintiff, | § § | Adversary Proc. 06-4338-705 |
| v. | § § | [Related to Docket #1] |
| Melissa Jean Mercille, | § § | [UNPUBLISHED] |
| Defendant. | § § | |

## MEMORANDUM OPINION

On November 13, 2006, the Plaintiff ("Wilder") filed a Complaint to Determine Dischargeability of Debt (the "Complaint") [Docket #1] commencing the above-referenced Adversary Proceeding against the Defendant-Debtor (the "Debtor"), seeking a determination of nondischargeability as to the unsecured nonpriority claim in favor of Wilder (the "Claim") listed by the Debtor on her Schedules of Assets and Liabilities ("SoFA"). The matter was tried before this Court on January 24, 2007.

### FACTS

Wilder and the Debtor previously were married. A minor child ("MO Child") was born into the marriage in 1995. When the couple divorced in 2001, the Family Court of St. Louis County, Missouri (the "Family Court") entered a Family Court Judgment dissolving the marriage and ordering Wilder to pay monthly child support in the amount of $600 to the Debtor on behalf of MO Child. Although this amount was less than the Presumed Child

Support Amount calculated on the Form 14 worksheet attached to the Family Court Judgment, the Debtor, representing herself pro se in the divorce proceeding, agreed to accept the lesser amount. In regards to this support obligation, the Family Court Judgment constitutes a domestic support order (a "DSO") for purposes of §§ 101(14A) and 523 of title 11 of the United States Code (the "Bankruptcy Code").[1]  Since the date of the Family Court Judgment, Wilder has been and remains obligated to provide child support pursuant to the Family Court Judgment.  Wilder also is obligated by a Consent Judgment entered on June 5, 1995, in the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri, to pay monthly child support for another minor child ("WA Child") he had in 1993 by another woman.  WA Child resides in the state of Washington.

From the date of the entry of the Family Court Judgment through August 2004, Wilder monthly issued a $600 personal check made payable to the Debtor to satisfy his obligations under the Family Court Judgment.  During this time period, an Income Withholding Order related to Wilder's obligation to WA Child also was in effect, directing

---

[1]Wilder correctly noted his opening statement at trial that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA") significantly amended Bankruptcy Code § 523(a)(5).  However, Wilder's reliance on these BAPCPA changes in support of his position is misplaced.  Before the enactment of BAPCPA, § 523(a)(5) provided that the discharge did not discharge a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement . . ." (in relevant part).  After the enactment of BAPCPA, § 523(a)(5) simply provides that the discharge does not discharge a debt "for a domestic support obligation."  However, BAPCPA also added Bankruptcy Code § 101(14)(A), which defines a "domestic support obligation" in terms that closely reflect the language and concepts of the pre-BAPCPA § 523(a)(5).  For purposes of the issue in this Adversary Proceeding, there is no relevant functional distinction between the pre- and post-BAPCPA operation of § 523(a)(5).  BAPCPA made no change to § 523(a)(5) that supports Wilder's argument.

Wilder's employer to withhold amounts from Wilder's wages.  Wilder believed these withheld monies were being disbursed by the Family Support Payment Center (the "FSPC")[2] to the guardian of WA Child. In actuality, however, a portion of the withheld monies were being disbursed by the FSPC to the Debtor.  As a result, Wilder overpaid on his obligation to MO Child and became delinquent on his obligation to WA Child.

On April 8, 2006, Wilder filed in the Family Court a Motion to Determine Amounts Due and Owing (the "Family Court Motion"), seeking a determination of the amount owed to Wilder by the Debtor for the overpayments.  On August 24, 2006, the Debtor filed for chapter 7 relief under title 11 of the Bankruptcy Code.[3]  On Schedule F of her SoFA, she listed a debt of $13,000 owed to Wilder for "[o]verpayment of [c]hild [s]upport."[4]  Wilder now seeks a determination of nondischargeability of this Claim pursuant to certain subsections of  Bankruptcy Code § 523.

For the reasons below, the Court **FINDS** judgment in favor of the Debtor.

---

[2]The payment processing and disbursement center for the State of Missouri's Department of Social Services, Family Support Division, Child Support Enforcement.

[3]The proceeding in the Family Court on the Family Court Motion was automatically stayed pursuant to Bankruptcy Code § 362 upon the filing of the petition for chapter 7 relief.

[4]The parties apparently do not agree upon the amount of overpayment.  On October 18, 2006, the Court entered an Order [Docket #15] granting Wilder's Motion for Relief from the Automatic Stay [Docket #12] and allowing Wilder to proceed on the Family Court Motion in the Family Court.  Accordingly, the Court determined that proper forum for determining any amount owed to Wilder due to his overpayment is the Family Court.  The sole issue before the Court in this Adversary Proceeding is whether the Claim, in whatever amount may be determined, is nondischargeable under § 523(a)(2)(A)(2),(5) or (15).

## DISCUSSION

First, Wilder asserts that the Claim is nondischargeable pursuant to Bankruptcy Code § 523(a)(5), which provides that the discharge does not discharge a debtor from any debt for a DSO. The Bankruptcy Code defines a DSO as "a debt . . . in the nature of alimony, maintenance, or support . . . established . . . *by reason of applicable provisions of* . . . divorce decree. . . [or] an order of a court of record." 11 U.S.C. § 101(14A) (in relevant part) (emphasis added). Wilder argues that the Claim was established by the child support provision of the dissolution judgment (the "Family Court Judgment") between the parties and therefore is for a debt for a DSO. This argument, however, fails on the terms of the Family Court Judgment. It provides only that Wilder owes an obligation of child support to MO Child, to be paid on her behalf to the Debtor. However, the Family Court Judgment provides for no reciprocal obligation of support owed to Wilder by the Debtor. Wilder's attempt to characterize the overpayment as a "debt in the nature of support" confuses a debt for support owed pursuant to the terms of a DSO with a debt for reimbursement owed pursuant to state or common law. *See Lankford v. Drinkard (In re Drinkard)*, 245 B.R. 91, 94 (Bankr. N.D. Tex. 2000) (holding that a former husband's claim based on a prepetition agreed judgment in his favor for a debt arising from overpayment of support was dischargeable because "[a] plain reading of § 523(a)(5) leads this court to the inescapable conclusion that the judgment in the instant case does not fit the description of nondischargeable orders in the statute."). The fact that a debt for reimbursement arose due to an overpayment of a debt for support does not transform that debt into a debt for support. Rather, such a debt remains a debt "in the nature of" reimbursement. *Id.* at 94 (reasoning that the former

husband's claim "is not a judgment for alimony, maintenance, or spousal or child support. It does not benefit the obligee or the child. It benefits only the obligor. The judgment in question is simply a money judgment given to reimburse [the husband] for overpayment of child support."). As such, the Claim does not constitute a debt for a DSO.

Wilder next argues that the Claim is nondischargeable pursuant to the Bankruptcy Code § 523(a)(15), which provides that a discharge does not discharge a debtor from any debt to a former spouse "not of the kind described in [§ 523(a)(5)] that is incurred by the debtor . . . in connection with a . . . divorce decree or other order of a court of record." He posits that because the Claim is based on an overpayment of support and that the support had been ordered in the Family Court Judgment, the Claim is for a debt incurred by the Debtor "in connection with" the Family Court Judgment. This position misrepresents how the Debtor incurred the debt. The Debtor did not incur the debt "in connection with" any right given by or arising under the Family Court Judgment. If the Debtor owes a debt for the overpayment, she does not owe it under the terms of the Family Court Judgment. She incurred the debt only "in connection with" a state or common law right to reimbursement.

Last, Wilder argues that the Claim is nondischargeable pursuant to Bankruptcy Code § 523(a)(2)(A), which provides that the discharge does not discharge a debtor from any debt for "money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . ." However, the trial record is devoid of any evidence suggesting that the Debtor utilized false pretenses, made a false representation, or employed actual fraud to obtain the overpayment. Rather, the evidence shows that the overpayment to the Debtor was the result of the FSPC's application of the withheld wages and Wilder's own decision to pay the Debtor directly while failing to notice how his withheld wages were being applied.

The Debtor took no act to solicit the overpayments and abdicated no legal obligation in accepting the payments.  Neither the Family Court Judgment nor state law prohibited the Debtor from accepting the overpayments and, in fact, state law presumes that overpayments of child support are made voluntarily.  *Carey v. Carey*, 84 S.W.3d 469, 473 (Mo. App. E.D. 2002); *Samples v. Kouts*, 954 S.W.2d 593, 600 (Mo. App. W.D. 1997).  As such, the Court finds that the acceptance of the payments under these circumstances does not rise to the level of fraud or establish the intent required to satisfy § 523(a)(2)(A).

## CONCLUSION

Accordingly, Wilder failed to establish that he is entitled to a judgment in his favor as requested in the Complaint. An Order consistent with this Memorandum Opinion will be entered this date.

DATED: February 7, 2007

St. Louis, Missouri

Charles E. Rendlen, III
United States Bankruptcy Judge

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Deborah Benoit
Attorney for Plaintiff
Kruger and Benoit, L.L.C.
2016 S. Big Bend Blvd.
St. Louis, MO 63117

James S. Cole, Trustee
Murphy Wasinger, LC
1401 So. Brentwood Blvd., Ste. 550
St. Louis, MO 63144

A. Thomas DeWoskin
Attorney for Debtor
Danna McKitrick, PC
150 N. Meramec, 4th Fl.
St. Louis, MO 63105

Melissa Jean Mercille
Defendant/Debtor
108 Chatwood Terrace
St. Louis, MO 63126